No.  91-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

RUSSELL ALLEN WILSON,

       Defendant and Appellant.

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Michael Donahoe, Donahoe & Yeshe, Helena, Montana

       For Respondent:

       Hon. Marc Racicot, Attorney General, Barbara C.
Harris, Assistant Attorney General, Helena, Montana
Mike McGrath, County Attorney, Carolyn Clemens,
Deputy County Attorney, Helena, Montana

FILED

SEP 28 1992

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  July 2, 1992

Decided:  September 28, 1992

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the First Judicial District Court, Lewis and Clark County, denying the defendant's motion to suppress evidence obtained during a search of his home. We reverse.

The sole issue is whether the District Court erred in denying defendant's motion to suppress.

The facts which supported the search warrant application follow. Detective McCormack received an anonymous Crimestoppers call alleging that the defendant was conducting a marijuana growing operation. The caller provided the defendant's name, address, place of employment, the color and make of his vehicle and a description of the exterior of his house. He stated that the defendant had automatic weapons in the residence and that there was considerable traffic to and from the house daily. Finally he contended that he had personally observed the marijuana growing operation within the last few days and had seen bags of marijuana in the house. He provided no further information about the marijuana growing operation.

As a result of this information the detective assigned, obtained an investigative subpoena for the electric power bills for the defendant's residence. The search warrant application stated that the "[p]ower bills for the residence reflect power usage consistent with that of a grow operation." Nothing more was stated relative to the power bills.

The search warrant application was granted and a search of the

residence revealed marijuana plants, scales, grow lamps, hash pipes, bagged marijuana and money. The defendant was arrested and charged under § 45-9-103, MCA.

The defendant filed a motion to suppress evidence obtained in the search and the motion was denied on June 25, 1991. After final judgment this appeal followed.

The core question is whether the application for a search warrant was sufficient to issue a search warrant. "To address the issue of probable cause for issuance of a warrant, this Court has adopted the 'totality of the circumstances' test set forth in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. . . ." State v. Crowder (1991), 248 Mont. 169, 173, 810 P.2d 299, 302. "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. O'Neill (1984), 208 Mont. 386, 394, 679 P.2d 760, 764. "[T]he duty of the reviewing court is to ensure the magistrate had a 'substantial basis' for . . . conclud[ing] that probable cause existed." Gates, 462 U.S. at 238-39, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. See also Crowder, 810 P.2d at 302. "The magistrate's determination of probable cause should be paid great deference by reviewing courts." State v. Sundberg (1988), 235 Mont. 115, 123, 765 P.2d 736, 741. "Our function is not to review de novo the

3

magistrate's determination that probable cause existed justifying the issuance of a search warrant." State v. Baldwin (1990), 242 Mont. 176, 183, 789 P.2d 1215, 1220.

Defendant argues that the caller provided little detail which would establish his credibility and affirm his personal knowledge of the marijuana growing operation. He also contends that the detective did not indicate his experience in drug investigations, particularly in analyzing power consumption records.

The Crimestoppers caller did say he had personally observed the marijuana growing and bags of marijuana around the defendant's house. However, he did not describe the interior of the house, the location of the marijuana growing operation nor did he describe the marijuana growing operation itself. He gave no further basis for his knowledge other than his bare assertion that he had personally seen the operation. See State v. Schaffer (Idaho App. 1984), 693 P.2d 458, 464. See also State v. Valley (Mont. 1992), 830 P.2d 1255, 49 St.Rep. 30, 31. "[T]here was no inclusion of such detail that the information became self-verifying. . . ." Valley, 830 P.2d at 1258, 49 St.Rep. at 32. See also Schaffer, 693 P.2d at 464.

The only information about power usage in the search warrant application was the conclusory statement that defendant's power bills reflected a power use "consistent with that of a grow operation." No data from the records was included in the application nor any information concerning the detective's experience analyzing power usage records.

4

> Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued.

Gates, 462 U.S. at 239.

In the present case, the application for the search warrant contained conclusory statements with respect to the informant's personal knowledge and the analysis of the power usage records. Detail was not provided to support the conclusions drawn within the application. Conclusory statements will not provide substantial basis to conclude that probable cause existed to issue a search warrant. The motion to suppress should have been granted.

REVERSED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

5

September 28, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Michael Donahoe, Esq.
Donahoe & Yeshe
P.O. Box 413
Helena, MT 59624

Hon. Marc Racicot, Attorney General
Barbara Harris, Assistant
Justice Bldg.
Helena, MT 59620

Mike McGrath, County Attorney
Carolyn Clemens, Deputy
L & C County Courthouse
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy