JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with the majority’s decision to affirm the District Court. However, I disagree with its reasons.
Specifically, I would not follow the U.S. Supreme Court’s decision in Franks v. Delaware (1978), 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667. However, I conclude that after excising the false or inadequate information from the affidavit in support of the State’s application for a search warrant, there was sufficient information to establish probable cause for the issuance of a search warrant pursuant to the totality of the circumstances test adopted in State v. Jensen (1985), 217 Mont. 272, 704 P.2d 45.
In Franks, the U.S. Supreme Court decided that under the Fourth Amendment to the United States Constitution, false information contained in an affidavit in support of an application for a search warrant need not be excised unless the defendant could establish that when the information was included, the affiant knew that it was *122 untruthful or had a reckless disregard for the truth. The Montana Constitution provides an independent right to the citizens of this State to be free from unreasonable searches and seizures. It also provides that no search warrant shall issue without probable cause. False information provided in support of a search warrant does not provide probable cause. What difference does it make what the applicant’s state of mind is when the false information is submitted? Furthermore, if false information is provided in support of an application for a search warrant, how does the person whose privacy has been illegally violated prove the state of mind of the person who provided the information?
Applying the right found in the Montana Constitution to be free from unreasonable searches and seizures, I would hold that in determining whether there was probable cause for the issuance of a search warrant, false information included in the search warrant should be disregarded and only the remaining information considered by a reviewing court.
For these reasons, and based on our prior decisions, I would excise the following information from the affidavit filed by the State in support of its application for a search warrant in this case:
1. The information contained in the files of the Missoula County Sheriff’s Department (with the exception of defendant’s record of convictions) for the reason that the information was stale and inadmissible pursuant to our decision in State v. Valley (1992), 252 Mont. 489, 830 P.2d 1255.
2. The information alleging that defendant had contacted the sheriff’s department about a trespass to his property for the reason that such information was false.
3. The allegation that Thomas Campbell had a long history of drug-related offenses because that allegation was false. I would allow the allegation that illegal drugs were found in Campbell’s residence in 1991.
4. The information about defendant’s power usage because there was no foundation for the conclusion in the affidavit that it had any significance, and was, therefore, inadmissible pursuant to our decision in State v. Wilson (1992), 254 Mont. 317, 837 P.2d 1346.
The majority’s adoption of the Franks rule cannot be reconciled with our previous approach to the use of improper or inadequate information in an application for a search warrant. In Valley, we held that a search warrant based on stale information did not provide probable cause. In Wilson, we held that a search warrant based on *123 conclusory statements did not establish probable cause. Yet, in this case the majority is willing to adopt a rule that the statements which are blatantly false can be used to establish probable cause unless defendant can prove that the affiant had a dishonest state of mind when the information was provided to the magistrate. In Montana, false information has been elevated to a position of greater value than information which is simply stale or conclusory.
In spite of these problems with the majority opinion, I conclude that after excising the objectionable material from the application for a search warrant, there was sufficient basis to establish probable cause for the issuance of a search warrant under our previous decisions. The affidavit in support of the application established that a reliable informant believed that defendant may be maintaining a marijuana growing operation in his home. The informant described the premises where the growing operation was being conducted, and that description was confirmed after an investigation by the Missoula County Sheriff’s Department. A separate, citizen informant, whose reliability is presumed by our previous decisions, informed the law enforcement officers that he had observed defendant during that same year burning what he believed to be marijuana plants on his property. The defendant’s file at the sheriff’s office showed that in 1982 he was convicted of possession of illegal drugs. Finally, the citizen informant identified Campbell as someone who came to defendant’s premises regularly at the same time of day, and Campbell was identified as someone who had recently been found to possess illegal drugs and drug-related equipment. I conclude that the cumulative effect of these facts established probable cause for the issuance of a search warrant.
For these reasons, I would affirm the judgment of the District Court.
JUSTICE GRAY joins in the foregoing concurrence and dissent.