NO.   93-189

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

     Plaintiff and Appellant

-v-

VINCENT M. EALUZA,

     Defendant and Respondent.

FILED

DEC 1 4 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

     A Michael Salvagni, Gallatin County Attorney, Marty
Lambert, Chief Deputy County Attorney, Bozeman,
Montana

     For Respondent:

     Larry Jent, Williams, Jent & Dockins, Bozeman,
Montana; Herman A. Watson, III, Bozeman, Montana


Submitted on Briefs:   November 23, 1993

Decided:   December 14, 1993

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

The State of Montana (State) appeals an order of the Eighteenth Judicial District Court, Gallatin County, suppressing evidence obtained pursuant to a search warrant. We affirm.

The issue on appeal is as follows: Did the District Court err in suppressing the evidence at issue based upon its finding that no probable cause existed for the issuance of a search warrant?

Based on various information, the Gallatin County Sheriff's Office (Sheriff's Office) applied for a search warrant of two residences leased by the defendant, Vincent Kaluza (Kaluza). The search warrant was issued by the Justice of the Peace and then executed by the Sheriff's Office. Thereafter, Kaluza was charged with criminal possession of marijuana with intent to sell, a felony. Kaluza filed a motion to suppress, alleging the application for a search warrant lacked probable cause. The District Court found that the application for the search warrant lacked probable cause as to the 1208 West Alderson residence (Alderson residence) and ordered that evidence suppressed; however, the District Court refused to suppress the evidence seized at the 300 North Western Drive residence (Western residence). From the order suppressing the evidence, the State appeals. We note that Kaluza cannot appeal the District Court's refusal to suppress the evidence seized at the Western residence at this juncture of his case. For that reason, we specifically decline to rule and take no position on whether probable cause existed to issue the search warrant for that residence, in order to preserve this issue for

2

Kaluza on appeal, if he chooses to appeal.

We will not overturn a district court's findings of fact regarding suppression hearing evidence unless those findings are clearly erroneous. State v. Bowers (1992), 254 Mont. 1, 7, 833 P.2d 1106, 1110; State v. Cope (1991), 250 Mont. 387, 396, 819 P.2d 1280, 1286. Upon reviewing the record in this case, we are unable to say the District Court's findings of fact regarding the Alderson residence are clearly erroneous.

The majority of the information contained in the application for a search warrant was directed to the alleged activities at the Western residence. Information pertaining to the Alderson residence contained in the application is as follows:

1. An alleged drug dealer, Kaluza, resided at the Alderson residence.

2. Kaluza's vehicles were parked at the Alderson residence.

3. A citizen informant living near the Alderson residence informed a detective that he was "suspicious" about the person living at the Alderson residence because he "comes and goes at all times and does not appear to have a job" and because he "received packages from UPS."

4. Numerous cars came to the Alderson residence.

5. A vehicle registered to a suspected drug dealer was parked at the Alderson residence.

The rest of the application deals with allegations about Kaluza and specifically his activities at the Western residence. The State apparently argues that, if there is probable cause to search the Western residence, probable cause exists to search any other residence occupied by Kaluza. Clearly, however, there must be

3

adequate probable cause for the search of each residence. <u>See</u>, for example, United States v. Whitney (9th Cir. **1980**), 633 **F.2d** 902, 907. This probable cause must be determined solely from the information contained within the four corners of the search warrant application. State v. Rinehart **(1993)**, __ Mont. ___, ___ **P.2d** _ _ Cause Wo. 93-72, decided December 2, 1993. It does not follow that, simply from the existence of probable cause to believe a suspect guilty, there is also probable cause to search his residence. United States v. Valenzuela (9th Cir. **1979**), 596 **F.2d** 824, 828. Upon reviewing the four corners of the search warrant application, it is clear that the application does not provide a substantial basis for concluding that there was a probability that criminal activity was occurring at the **Alderson** residence. We hold that the District Court did not err in determining that the application for the search warrant did not set forth sufficient facts to establish probable cause at the **Alderson residence.**

Affirmed and remanded for trial.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices