NO.   94-320

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

VINCENT M. KALUZA,

        Defendant and Appellant.

FILED

AUG 17 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Thomas A. Olson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

               Charles E. Petaja, Helena, Montana; Jeannette E.
               Berry, Bozeman, Montana

        For Respondent:

               Hon. Joseph P. Mazurek, Attorney General, John
               Paulson, Assistant Attorney General, Helena,
               Montana; Mike Salvagni, Gallatin County Attorney,
               Marty Lambert, Deputy Gallatin County Attorney,
               Bozeman, Montana

                              Submitted on Briefs:  May 25, 1995

                                      Decided:  August 17, 1995

Filed:


_____
         Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Vincent M. Kaluza (Kaluza) appeals from the judgment and sentence entered on his conviction for criminal possession of marijuana with intent to sell by the Eighteenth Judicial District court, Gallatin County. We reverse.

The dispositive issue on appeal is whether the District Court erred in denying Kaluza's motion to suppress evidence based on a lack of probable cause for the issuance of the search warrant.

On the basis of information indicating that Kaluza was involved with drugs, the Gallatin County Sheriff's Office applied for a search warrant for two residences leased by Kaluza, one at 1208 West Alderson (Alderson) and one at 300 North Western Drive (Western Drive) in Bozeman, Montana. The search warrant was issued and executed. Thereafter, Kaluza was charged with the felony offense of criminal possession of marijuana with intent to sell.

Kaluza moved to suppress the evidence seized during the searches, alleging that probable cause did not exist for the issuance of the search warrant. The District Court granted Kaluza's motion with regard to the Alderson residence, and ordered the suppression of evidence seized at that location. The court denied Kaluza's motion regarding the evidence seized at the Western Drive residence.

The State of Montana (State) appealed the court's grant of Kaluza's motion regarding the Alderson residence. We affirmed in State v. Kaluza (1993), 262 Mont. 360, 362, 865 P.2d 263, 264 (Kaluza I). In doing so, we observed that the majority of the

2

information in the application for the search warrant related to the Western Drive residence. Kaluza I, 865 P.2d at 264. We also noted that Kaluza could not appeal the court's denial of his motion regarding Western Drive at that juncture, and specifically declined to rule on whether probable cause existed to issue the search warrant for that residence. Kaluza I, 865 P.2d at 263-64.

On remand, Kaluza waived his right to a jury trial and the case was tried to the court. The District Court found Kaluza guilty of the offense of criminal possession of marijuana with intent to sell. Kaluza subsequently was sentenced to a term of 15 years in the Montana State Prison, with 7 years suspended on certain conditions. He appealed, and was released on bond pending appeal.

> Did the District Court err in denying Kaluza's motion to suppress evidence seized in the search of the Western Drive residence which was based on a lack of probable cause for the issuance of the search warrant?

A search warrant may be issued upon an application made under oath or affirmation that (1) states facts sufficient to support probable cause that an offense has been committed; (2) states facts supporting probable cause that contraband connected with the offense may be found; (3) describes with particularity the place to be searched; and (4) describes with particularity what is to be seized. Section 46-5-221, MCA. While we have adopted the "totality of the circumstances" test for determining whether probable cause exists for the issuance of a search warrant (State v. Rinehart (1993), 262 Mont. 204, 210, 864 P.2d 1219, 1222 (citations omitted)), it is clear that probable cause must exist

3

for the search of the particular location for which the search warrant is obtained. <u>Kaluza I</u>, 865 P.2d at 264 (citation omitted). Probable cause to believe that an offense has been committed by a suspect is a separate question from whether probable cause exists to search the suspect's residence. <u>Kaluza I</u>, 865 P.2d at 864.

Here, the District Court concluded that the application setting forth the results of a Bozeman law enforcement investigation which "nearly established probable cause in and of itself," together with marginally useful information from a reliable informant and others, established probable cause for the search of the Western Drive residence. On that basis, it denied Kaluza's motion to suppress the evidence seized at that location. Kaluza argues that the District Court erred in denying his motion to suppress because the facts related in the application are insufficient to establish probable cause for the issuance of the search warrant for Western Drive.

Insofar as it pertains to the Western Drive residence, the information contained in the application for the search warrant which resulted from the Bozeman investigation is as follows:

1.  Kaluza, an alleged drug dealer, rented the Western Drive residence under the name Bill Martin.

2.  Vehicles registered to Kaluza were seen at the Western Drive residence and Kaluza was observed in the vicinity.

3.  Kaluza received a shipment at Western Drive from a company which advertises in <u>High Times,</u> a magazine which advocates the use and sale of marijuana and carries advertisements for

4

companies which sell paraphernalia needed to grow marijuana.

4. The affiant, Detective David Reynolds, has received training and is experienced in the investigation of indoor marijuana growing operations. He is aware that lights needed to grow marijuana indoors consume large amounts of electricity, and that researching whether a residence is heated by natural gas, and natural gas consumption, at such a residence may produce evidence that a residence is consuming electricity beyond normal needs.

5. The Western Drive residence is heated with natural gas.

6. According to a utility company employee, the utility consumption records for the Western Drive residence show abnormally high levels of electricity consumption through all seasons during the November 1990 through September 1992 time period, particularly in the summer months.

The application for the search warrant also contains information from an informant in the Hill County vicinity, who had provided reliable information in the past, to the effect that Kaluza had a marijuana grow operation somewhere in Bozeman and that, through intermediaries, his marijuana was sold in the Great Falls and Havre areas. Two persons arrested in Havre for marijuana sales reported similar information about Kaluza.

We begin by reviewing the information in the application for the search warrant which resulted from the Bozeman investigation. As noted above, the District Court concluded that the investigation did not produce sufficient information--on a stand-alone basis--to

5

establish the existence of probable cause to search the Western Drive residence.

The information that Kaluza rented Western Drive under an assumed name connects Kaluza to that location and inferentially creates a suspicion that Kaluza was involved in other than ordinary, lawful activity. While such a suspicion might relate to Kaluza himself and his possible criminal activities, it does not necessarily relate to criminal activities or contraband at the Western Drive location. Moreover, the presence of both Kaluza and his vehicles in the area of the Western Drive residence adds nothing to the probable cause equation, given that Kaluza was the lessee of the residence.

Kaluza's receipt of a shipment at Western Drive from a High Times advertiser also adds little of a concrete nature to the question of whether probable cause existed to issue the search warrant for Western Drive. There is nothing unlawful or inherently suspicious about a magazine or, indeed, a person advocating the use of marijuana. No showing was made that all companies which advertise in the magazine sell paraphernalia for growing marijuana or even that the company from which the shipment originated advertises such paraphernalia in High Times.

Finally, a portion of the search warrant application relates to electrical consumption at the Western Drive residence. The affiant stated that he had training and experience in investigating indoor marijuana grow operations and was aware that marijuana grow operations consumed large amounts of electricity. He subpoenaed

6

electricity usage records for the Western Drive residence and included in the application a Montana Power Company employee's opinion that the residence exhibited abnormally high levels of electricity consumption during all seasons, particularly since the residence was heated with natural gas. A graph depicting electricity consumption at Western Drive over approximately two years was attached to the search warrant application.

We recently addressed the use of utility records in the context of a search warrant application. In State v. Hook (1992), 255 Mont. 2, 839 P.2d 1274, the detective stated his experience in investigating twelve marijuana grow operations in the application. The defendant's power usage records revealed electricity usage two and one-half times greater than that of the previous tenant overall and during the past five months. The average residential electric consumption per month in a residence with an alternative heat source was set forth. Finally, a verified four-day electricity usage of 710 kwh, while the defendant was at the residence, would result in a monthly total nearly seven times the average for a residence with an alternative heat source if the usage continued at that rate. Hook, 839 P.2d at 1275. We observed that the application stated the basis of the detective's expertise and included detailed information about the defendant's power usage, "the times of residence by the defendant, previous usage by former occupants, normal residential usage, and comparisons as to these facts both specifically and generally." Hook, 839 P.2d at 1276. Based largely on the power usage information and relatively

detailed information from an anonymous tipster which was confirmed and corroborated during the investigation, we concluded that the application provided a substantial basis for the issuing magistrate's probable cause determination. Hook, 839 P.2d at 1276-77.

The search warrant application presently before us contains power usage information decidedly inferior to that in Hook both qualitatively and quantitatively. Here, no basis is provided for the affiant's conclusory statement concerning his training and experience in investigating marijuana grow operations. Moreover, the utility records information is depicted in a mere graph format, together with the utility employee's opinion that electrical consumption at the Western Drive residence was abnormally high given the natural gas heat source. Unlike the situation before us in Hook, no basis--via detailed comparisons with average and previous resident's usage--is provided in support and explanation of the opinion. Indeed, the conclusory statements regarding power usage in the search warrant application presently before us more closely resemble those in State v. Wilson (1992), 254 Mont. 317, 319-20, 837 P.2d 1346, 1347-48, where we held that "[c]onclusory statements will not provide substantial basis to conclude that probable cause existed to issue a search warrant."

We conclude, as did the District Court, that the Bozeman investigation-relatedinformationinthe searchwarrant application does not establish probable cause for the issuance of a search warrant for the Western Drive residence under the "totality of the

8

circumstances" test. See Rinehart, 864 P.2d at 1222. Therefore, we turn our attention to the portion of the search warrant application containing information provided by informant AI-6 and the Havre arrestees, through the Hill County Drug Task Force (Hill Task Force), to determine whether it adds sufficient new information to--or corroborates the results of--the Bozeman investigation to establish probable cause to search the Western Drive residence. (See Rinehart, 864 P.2d at 1223.) In this regard, we observe at the outset that the information relates to Kaluza's suspected criminal activity and not specifically to the Western Drive residence.

"The veracity, reliability and basis of knowledge of informants remain highly relevant factors in determining probable cause under the totality of the circumstances test." Rinehart, 864 P.2d at 1222 (citation omitted). Regarding informant AI-6's veracity and reliability, we have determined that an officer's sworn statement that an informant has been reliable and provided accurate information on other occasions is sufficient to establish that the informant is reliable. Rinehart, 864 P.2d at 1223-24 (citations omitted). Furthermore, we have concluded that the affiant need not possess personal knowledge of the informant's veracity and reliability, but "may rely on information obtained from other law enforcement officers in an affidavit supporting an application for a search warrant." Rinehart, 864 P.2d at 1224 (citation omitted) Here, the affiant stated that, according to officers with the Hill Task Force, AI-6 had provided reliable and

9

accurate information in the past. This information is sufficient to establish AI-6's veracity and reliability; we require nothing more.

The search warrant application, however, contains no statements regarding the veracity and reliability of the two arrestees who provided information regarding Kaluza to the Hill Task Force. The affiant does not state, based on either his own personal knowledge or information from the Hill Task Force, that these individuals are truthful or reliable. While we do not require more than the swearing officer's statement that an informant is trustworthy, a showing of veracity and reliability is required. See Rinehart, 864 P.2d at 1223-24.

In addition to veracity and reliability, we also look to the basis of the informants' knowledge in determining whether the application establishes probable cause for issuance of the search warrant. Rinehart, 864 P.2d at 1222. "We have previously held that information of a criminal activity known from observation by a previously reliable informant . is sufficient to establish the probability of criminal activity without outside investigation and verification of the reported information." State v. Walston (1989), 236 Mont. 218, 223, 768 P.2d 1387, 1390 (citation omitted). Here, the search warrant application contains no information regarding personal observation or personal knowledge as the basis for AI-6's statements; nor is any such basis provided for the arrestees' statement.

In summary, the search warrant application before us fails to

10

establish the veracity and reliability of the arrestee informants and, in addition, fails to indicate the basis for any of the informants' knowledge regarding Kaluza's activities. Moreover, as noted above, none of the information provided relates specifically to the Western Drive residence; thus, the information cannot be said to corroborate or verify the Bozeman information with regard to Western Drive. We conclude, therefore, that the information provided by AI-6 and the Havre arrestees is of no value in establishing probable cause for the issuance of the search warrant for Western Drive.

The court issuing the search warrant is required to make a common-sense determination of whether, given the circumstances set forth in the search warrant application, a fair probability exists that contraband or evidence related to **a crime will** be found in a particular place. State v. Crowder (1991), 248 Mont. 169, 173, 810 P.2d 299, 302. Looking at the totality of the circumstances presently before us, the search warrant application contains insufficiently detailed information regarding power usage at Western Drive, as well as information that Kaluza received a shipment at Western Drive from a company which advertises in a magazine advocating the use and sale of marijuana. The application also contains statements of informants who, with the exception of AI-6, are of unknown veracity and reliability and the basis of whose knowledge, without exception, also is unknown.

We conclude that the search warrant application did not establish the existence of a fair probability that evidence related

11

**to a crime** would be found at the Western Drive residence.  As a result, we further conclude that the issuing court did not have a substantial basis for its conclusion that probable cause existed for the search of that location.  We hold, therefore, that the District Court erred in denying Kaluza's motion to suppress evidence obtained during the execution of the search warrant at Western Drive.

Reversed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

12