NO.   94-604

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

TRACY LEE HOULE, AMOS J. NORQUAY
KEITH LAMOTTE, AND
ROBERT J. ST. CLAIRE

       Defendants and Appellants

FILED

SEP 13 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              John Houtz, Forsyth, Montana (Houle); Terry J.
              Hanson, Miles City, Montana (St. Clair); J. Dennis
              Corbin, Miles City, Montana (Lamotte) ; Joe A.
              Rodriguez, Lame Deer, Montana (Norquay)

       For Respondent:

              Hon. Joseph P. Mazurek, Attorney General, Cregg
              Coughlin, Assistant Attorney General, Helena,
              Montana;   Lee Kerr, Rosebud county Attorney,
              Forsyth, Montana; Coleen Magera, Powder River County
              Attorney, Broadus, Montana


                              Submitted on Briefs:   July 6, 1995

                                     Decided:   September 13, 1995

Filed:

_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

Tracy Lee Houle, Amos J. Norquay, Keith Lamotte, and Robert J. St. Claire (Appellants) were charged in Rosebud County with robbery or in the alternative, robbery by accountability and aggravated assault, a felony or in the alternative aggravated assault by accountability. They were also charged in Powder River County with criminal trespass to vehicles, criminal mischief, theft, or in the alternative, theft by accountability. Appellants moved to suppress evidence from crimes committed in Rosebud and Powder River Counties, claiming that the evidence was obtained through an illegal search. The Sixteenth Judicial District, Rosebud County, denied their motions. Appellants entered Alford pleas, preserving their right to appeal. Appellants subsequently appealed the District Court's denial of their motions to suppress evidence. We affirm.

ISSUE

Appellants present the following issue on appeal:

Did the District Court err in denying Appellants' motion to suppress evidence obtained through an allegedly illegal search?

BACKGROUND

On the evening of March 31, 1994, Appellants and the owner of the vehicle in which Appellants were driving cruised around Dunseith, North Dakota drinking alcohol. At some point in the early morning the owner got out of his vehicle. He testified that he did not remember if he gave Appellants permission to take the vehicle out of North Dakota. Appellants proceeded to Powder River

county, Montana, where **they allegedly vandalized a car and stole the car stereo.** Appellants then allegedly stopped at a home outside of Colstrip, struck the owner of the home in the head, and took various firearms from the house. At approximately 1:00 a.m., April 2, 1994, a police officer saw Appellants speed through the town of Sidney, Montana. He embarked on a high-speed chase, pulled Appellants over, and searched the passenger compartment of the vehicle. Appellants were placed in custody and the vehicle was towed to a local garage.

At the **time** of arrest, it was clear that the vehicle was registered to someone other than Appellants. On April 2, 1994, the Sidney police were notified that the vehicle had been reported stolen. On April 4, 1994, while the vehicle was still in the local garage, a police officer opened the trunk and saw a car stereo and a gunstock underneath a blanket. He pulled back the blanket and observed firearms in the trunk. The officer then applied for a search warrant and indicated the reason for a warrant was to search further for drugs. The application for a warrant did not reference other crimes or the guns. The City Court issued the warrant. Confronted with the evidence found in the trunk, several of the Appellants made incriminating statements.

Appellants were charged in Rosebud and Powder River Counties for crimes committed while traveling through Montana. They moved to suppress evidence obtained from a search they claim was illegal. Before trial, Appellants pleaded guilty reserving the right to appeal the District Court's decision to deny their motion to

suppress. The Sixteenth Judicial District Court, Rosebud County, denied their motions and found the issue of standing to be dispositive. The District Court found that while the search was illegal, Appellants did not have standing to object to the search because they did not have lawful possession of the vehicle. Appellants subsequently appealed the District Court's denial of their motions to suppress evidence allegedly obtained from an illegal search.

## STANDARD OF REVIEW

"We will not overturn a district court's findings of fact regarding suppression hearing evidence unless those findings are clearly erroneous." State v. Kaluza (1993), 262 Mont. 360, 361, 865 P.2d 263, 264 (citing State v. Bower (1992), 254 Mont. 1, 7, 833 P.2d 1106, 1110 and State v. Cope (1991), 250 Mont. 387, 396, 819 P.2d 1280, 1286).

## DISCUSSION

Did the District Court err in denying Appellants' motion to suppress evidence obtained through an allegedly illegal search?

Appellants contend that they had lawful possession of the vehicle and therefore had standing to challenge whether the warrantless search of the vehicle violated the Fourth Amendment. On the other hand, the State argues that Appellants lack standing to claim the protection of the Fourth Amendment.

The question of whether a search and seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude evidence obtained during a search requires a determination of whether the disputed search and seizure invaded an interest of

4

the defendant which the Fourth Amendment was designed to protect. Rakas v. Illinois (1978), 439 U.S. 128, 140, 99 S.Ct. 421, 429, 58 L.Ed.2d 387, 399. "The Fourth Amendment guarantees that '[T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'" Mancusi v. DeForte (1968), 392 U.S. 364, 367, 88 S. Ct. 2120, 2123, 20 L.Ed.2d 1154, 1158. Standing to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place, but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place. State v. Allen (1980), 188 Mont. 135, 140, 612 P.2d 199, 202 (citing Katz v. United States (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 and Rakas, 439 U.S. 128).

A legitimate expectation of privacy exists where there is a reasonable expectation of freedom from governmental intrusion. State v. Isom (1982), 196 Mont. 330, 336, 641 P.2d 417, 420 (citing Mancusi, 392 U.S. at 368). Thus a standing analysis embraces two questions. First, did the defendant's conduct exhibit an actual (subjective) expectation of privacy. Second, is the defendant's subjective expectation of privacy one that society is prepared to recognize as reasonable. Smith v. Maryland (1979), 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220, 226-27 (citing Katz, 389 U.S. 347 and Rakas, 439 U.S. 128).

A defendant moving to suppress evidence found in a warrantless search has the burden of showing that he or she had a reasonable

5

expectation of privacy in the place or object searched. U.S. v. Perea (2nd Cir. 1993), 986 F.2d 633, 639; See also Rakas, 439 U.S. at 131 n.1. Furthermore, a defendant relying upon the lawful possession factor bears the burden of presenting at least some evidence that his or her possession was lawful. U.S. v. Benitez-Arreguin (10th Cir. 1992), 973 F.2d 823, 828.

In the instant case, the State claims that there is no evidence in the record which establishes that Appellants were lawfully in possession of the vehicle. In his initial statement, the owner of the car said that he had not given Appellants permission to use the car. In subsequent testimony, he stated that he gave permission to one of the Appellants, and again stated that he either did not remember or conversely did not give permission. There is substantial credible evidence that the owner did not give Appellants permission to take the car and that the owner of the car asked his aunt to report the car as stolen. Moreover, at the tine of the arrest, Appellants denied driving the vehicle and denied knowledge of who drove the vehicle. There is no evidence to show Appellants either requested permission to take the car to Montana or told the owner of their plans to go to Montana. Thus, Appellants could not meet their burden to establish that they had a reasonable expectation of privacy in a vehicle that they had no demonstrated permission to be in.

Upon reviewing the record in this case, we are unable to say the District Court's finding that Appellants' subjective expectation of privacy in the vehicle was not one that society is

prepared to recognize as reasonable is clearly erroneous. Without a legitimate expectation of privacy in the vehicle, Appellants lacked standing to claim the protection of the Fourth Amendment. We further hold that the District Court correctly applied the findings to deny Appellants' motion to suppress evidence obtained from the search of the vehicle.

AFFIRMED.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices