JUSTICE REGNIER
concurring.
¶49 I concur that the search warrant application in this case was insufficient in that it did not provide a substantial basis for the conclusion that probable cause existed to search the trailer home in which Reesman resided. However, I disagree with the Court’s reasoning. In my view the Court’s conclusion that corroboration must be accomplished through “police investigation” is too restrictive. I would conclude that the confidential informant’s report was not sufficiently corroborated by the tip from the anonymous citizen because the circumstances provided by Detective Hanson concerning who provided the tip and how the tip was acquired were too conclusory for a magistrate to independently review.
1. Confidential Informant’s Report
¶50 I agree with the Court’s conclusion that the information provided by the confidential informant was insufficient, standing alone, to justify the issuance of a search warrant. In analyzing the sufficiency of a search warrant application, we have previously stated:
To address the issue of probable cause for issuance of a warrant, this Court has adopted the “totality of the circumstances” test set forth in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317, 76-L.Ed.2d 527. The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the magistrate], including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. [T]he duty of the reviewing court is to ensure the magistrate had a “substantial basis” for ... concluding] that probable cause existed.
State v. Wilson (1992), 254 Mont. 317, 318-19, 837 P.2d 1346, 1347 (citations omitted).
¶51 The first source of Detective Hanson’s information was referred to as “Confidential Informant 95-1128.” Detective Hanson stated that he conducted an interview with this confidential informant who advised Detective Hanson that the confidential informant had visited *424 the trailer home in which Reesman resided and had observed marijuana plants growing in a bedroom closet, drying marijuana “buds,” and Styrofoam cups containing “psilocybin mushrooms.”
¶52 Detective Hanson provided sufficient information in the search warrant application for the reviewing judge to determine that the confidential informant’s report, if honest, was likely to be true because the informant’s knowledge was based on the informant’s personal observations of criminal activity. See State v. Rinehart (1993), 262 Mont. 204, 213, 864 P.2d 1219, 1224. If an informant’s report purports to be based on personal observation of criminal activity, further analysis centers not on the accuracy of the report, but on the honesty or veracity of the informant. See Rinehart, 262 Mont. at 213, 864 P.2d at 1224 (holding that a previously reliable informant’s report of criminal activity which was based on personal observation was sufficient to establish probable cause to issue a search warrant).
¶53 Under the “veracity” test, facts must be brought to the judicial official’s attention so that the judge can independently determine the inherent credibility of the informant, see, e.g., State v. Kaluza (1995), 272 Mont. 404, 410, 901 P.2d 107, 111 (stating that an officer’s sworn statement that an informant has been reliable and provided accurate information on other occasions is sufficient to establish veracity); or facts must be brought to the judicial official’s attention so that the judge can independently determine the reliability of the informant’s information on this particular occasion, see State v. Adams (1997), 284 Mont. 25, 36, 943 P.2d 955, 961 (observing that “[ajdmissions of crime, like admissions against proprietary interests, carry their own indicia of credibility”); State v. Worrall, 1999 MT 55, ¶ 20, 293 Mont. 439, ¶ 20, 976 P.2d 968, ¶ 20 (stating that “information provided to the police that is motivated by good citizenship is a reliable basis for determining probable cause”).
¶54 Detective Hanson provided absolutely no information regarding the confidential informant’s veracity. Detective Hanson did not indicate that the confidential informant was inherently credible because the informant had a proven track record of providing reliable information in the past. Alternatively, Detective Hanson did not indicate that although the confidential informant did not have a proven track record of providing reliable information, the confidential informant’s report was likely to be particularly reliable on this occasion because, for instance, it was an admission against the informant’s in *425 terest, or circumstances indicated that the report was motivated by good citizenship.
¶55 Accordingly, I agree with the majority’s conclusion that the confidential informant’s report, standing alone, did not provide a sufficient basis for the issuance of a search warrant.
2. Corroboration by “Anonymous Citizen”
a. Court’s approach: “independent police work”
¶56 As the Court correctly frames it, the issue then becomes whether the confidential informant’s report was independently corroborated such that, despite its inadequacy, it could still form part of the basis for the issuance of a search warrant. The only corroboration of the confidential informant’s report was contained in the following statement: “An anonymous citizen, who has provided reliable information in the past, stated that the marijuana grow has been in existence for approximately one year.”
¶57 The Court concludes that this corroboration is deficient for two reasons. First, the corroboration was insufficient because it did not provide an independent basis for a determination of probable cause. See Court’s opinion at ¶ 46 (stating that “we hold that a source of information that requires further corroboration ... cannot serve as a source of independent corroboration”). Second, the corroboration was insufficient because it was not the result of “police investigation.” Court’s opinion at ¶¶ 41-45. Pursuant to the Court’s opinion, the only corroboration that can serve to cure the inadequacies of an informant’s report is corroboration through “independent investigation” by law enforcement personnel. See Court’s opinion at ¶ 43. In effect, the Court’s conclusion means that an application for a warrant that contains information from an informant can only be sufficient under two factual scenarios: either (1) the informant’s report provides a sufficient basis for a determination of probable cause and therefore does not require any further corroboration; or (2) an informant’s report is insufficient but is “corroborated” by “police investigation.”
¶58 In my view, corroboration by “police investigation” is certainly a reliable method of corroboration, however, corroboration could be accomplished by other means as well. More importantly, however, I fear this requirement diverts the judicial officer’s attention from the more important question which, on the facts of the instant case, is whether Detective Hanson presented sufficient information for the judge to accredit the confidential informant’s report.
*426 ¶59 Significantly, as with all bright line tests, the majority’s line is not as bright as it first appears. It is not clear what independent police corroboration is. For example, had Detective Hanson simply alleged “I called an anonymous citizen ...” would the addition of those three words turn the corroboration in this case into “police work” sufficient to justify the issuance of a warrant? If so, why? What purpose does this distinction serve in the probable cause analysis? Although I agree with the majority that in most circumstances it will take independent police work to corroborate an informant’s report that does not provide a sufficient basis for a determination of probable cause on its own, I believe that resolving these disputes based on simple factual characterization concerning how the corroborative information was acquired distracts law enforcement, judges, and reviewing courts from the purpose behind the warrant requirement,
b. Analysis of concurrence
¶60 The corroboration of the confidential informant’s report was that “[a]n anonymous citizen, who has provided reliable information in the past, stated that the marijuana grow has been in existence for approximately one year.”
¶61 Detective Hanson characterized the source of this knowledge as an “anonymous citizen.” The use of the term “anonymous” implies that the source was unknown to Detective Hanson. The use of the word “citizen” implies that the source was motivated by good citizenship. See Worrall, ¶ 20 (observing that “information provided to the police that is motivated by good citizenship is a reliable basis for determining probable cause”). However, the phrase “who has provided reliable information in the past” belies both of the aforementioned assumptions. From this phrase, it becomes clear that Detective Hanson was alleging that he knew the source’s identity because the source had provided him with information in the past, but was keeping the source’s identity confidential. Furthermore, it is evident that the source was not simply a “citizen,” but rather was a person who had ongoing access to information about unlawful activities. Detective Hanson did not provide any circumstances regarding how he acquired the information from the “anonymous citizen” nor did he provide any circumstances which might indicate how the “anonymous citizen” learned of the “marijuana grow” operation. Lastly, the only relevant information Detective Hanson provided concerning the “anonymous citizen” was Detective Hanson’s characterization of the “anonymous citizen’s” reliability.
*427 ¶62 I would conclude that this corroboration is insufficient to cure the inadequacy of the confidential informant’s report because it is simply too conclusory. A judge would have to take too many leaps of faith in order to conclude that the “anonymous citizen’s” report was corroborative of the confidential informant’s report. The search warrant in the present case does not detail any of the underlying circumstances of the “anonymous citizen’s” report and provides only the slightest reason for crediting this report (Detective Hanson’s characterization of the “anonymous citizen’s” previous reliability). I agree with the Court that the addition of this purely conclusory report adds absolutely nothing to the search warrant. However, this is not because it was, or was not, acquired by independent police work, but rather because there is no reason to believe that it in fact corroborated the confidential informant’s report. The precise problem is that this “corroboration” is nothing more than a collection of bare assertions. As we previously stated in Wilson, “Detail was not provided to support the conclusions drawn within the application. Conclusory statements will not provide substantial basis to conclude that probable cause existed to issue a search warrant.” 254 Mont. at 319-20, 837 P.2d at 1348.
¶63 I recognize that reviewing courts should refrain from being hypertechnical when reviewing the legality of a search warrant. We have previously stated:
An affidavit supporting a search warrant is to be interpreted by the magistrate and examined by the reviewing court in a common sense, realistic fashion and without a grudging or negative attitude that will tend to discourage police officers from seeking warrants. Reviewing courts should avoid hypertechnical interpretations of warrant applications and, in doubtful or marginal cases, resolve the issue with the preference for warrants in mind.
Rinehart, 262 Mont. at 210-11, 864 P.2d at 1223 (citing State v. O’Neill (1984) 208 Mont. 386, 679 P.2d 760).
¶64 The source of this oft-repeated language is United States v. Ventresca (1965), 380 U.S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684. O’Neill, 208 Mont. at 393, 679 P.2d at 764. Interestingly, the next paragraph in Ventresca, which we have neglected to repeat, states:
This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant’s or an informer’s belief that probable cause exists without detailing any of the “underlying circumstances” upon which that belief is based. *428 Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform [the magistrate] detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hyper technical, rather than a common sense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.
Ventresca, 380 U.S. at 108, 85 S. Ct. at 746 (citations omitted).
¶65 The Supreme Court’s exhortation to resolve questionable cases in favor of upholding warrants is much more subtle and sophisticated than we have previously implied. I would interpret the forgoing to mean that when an affidavit is not purely conclusory, but rather details the underlying circumstances and supplies some reason for crediting the source of the information, a reviewing court should resolve a doubtful case with a preference for upholding the warrant. In the instant case, the confidential informant’s report was insufficient because the search warrant application provided no evidence of the confidential informant’s veracity. Additionally, the “anonymous citizen’s” report was not corroborative because it was merely a collection of bare assertions and thus could not supply an independent reason for crediting the confidential informant’s report. However, this is not to imply, as the Court does, that information not acquired through “independent police investigation” can never corroborate an insufficient informant’s report unless it provides a sufficient basis on its own to support probable cause. See Court’s Op. at ¶ 46. It is conceivable that had Detective Hanson provided some of the underlying circumstances surrounding the “anonymous citizen’s” report, there may have been a substantial basis for the judge reviewing the application to conclude that there was a fair probability that contraband or evidence of a crime would be found in the trailer home.
¶66 In short, for the benefit of law enforcement, I recommend the following advice: A sufficient warrant application should always detail both how the officer acquired the information giving rise to probable cause, and, if the officer is relying on an informant, how the informant acquired his or her knowledge and circumstances which would *429 indicate that the informant’s report is worth crediting. For instance, as noted by the majority, Detective Hanson could have indicated how the confidential informant happened to be in the trailer home and this may have provided the judge with grounds for crediting the veracity of the confidential informant’s report. See 2 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 3.3(f) at 172, (3d ed. 1996) (“[AJnother situation in which the corroboration will suffice to show veracity is that in which the informant has not been working independently, but rather has cooperated closely with the police.”). Regarding the “anonymous citizen’s” report, Detective Hanson could have described the circumstances surrounding how he received the report from the “anonymous citizen,” how he knew the “anonymous citizen,” why he believed the “anonymous citizen” was credible, and how the “anonymous citizen” acquired his or her knowledge.
¶67 For the foregoing reasons, I concur that the warrant application was insufficient. To conclude otherwise would be to render the constitutional search warrant requirement a mere formality. The corroboration of the confidential informant’s report by the tip from the “anonymous citizen” was simply too conclusory to allow a judge to independently determine the existence of probable cause to justify the issuance of a warrant.
JUSTICE GRAY joins in the foregoing concurrence.