### PRAGER'S PARIS FASHION et al. v. SEIDENBACH et al.

No. 15669—Opinion Filed Sept. 22, 1925.

(Syllabus.)

**1. Damages—Speculative Profits—Stopping Bankrupt Sale One Hour.**

As a general rule, anticipated profits of a commercial undertaking are too remote, speculative, and dependent upon uncertainties and changing circumstances to warrant a judgment for loss, and where it is shown that a bankrupt stock of goods was bought and that the same was to be offered for sale at retail and the storeroom was closed and the sale was stopped for a period of one hour, it was error to admit evidence, tending to show the amount of anticipated profits during said period, as such profits were speculative and conjectural.

**2. Injunction — Damages on Bond — Expenses of Litigation—Loss of Time by Manager of Corporation Defendant.**

Where a corporation seeks to recover

damages upon a bond given to indemnify the corporation by reason of an injunction, and where the managing officer of such corporation, expended time in attending to matters relative to such injunction, such corporation cannot recover damages for loss of such time, for the reason that the manager was acting for and in behalf of the corporation, and a corporation, like an individual, cannot recover for time expended in matters pertaining to its own litigation.

### 3. Same—Attorneys' Fees as Damages.

Where injunctive relief pending the determination of the action is the principal purpose of the action and the ultimate relief sought is to make the temporary injunction permanent, then, upon its dissolution, attorneys' fees may be recovered in an action on the injunction bond as for the defense of the entire action.

### 4. Same—Burden of Proof—Erroneous Instruction.

Where the provisions of a bond are conditioned to pay to the party injured all damages which they may sustain by reason of the injunction, including reasonable attorneys' fees, and the court instructs the jury that they should find for the plaintiff in the sum paid as attorneys' fees in said action "unless they should further believe from a fair preponderance of the evidence that the attorneys' fees were unreasonably large," such instruction is erroneous, as the burden of proof was upon the plaintiff to recover such fees and to show by a fair preponderance of the evidence that they were reasonable and that they were either paid or legally assumed by the party claiming to have been damaged by reason of such fees.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by J. L. Seidenbach and another against Prager's Paris Fashion and another. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Hulette F. Aby, William F. Tucker, and O. H. Rosenstein, for plaintiffs in error.

O'Meara & Silverman, Samuel A. Boorstin, and J. D. Johnston, for defendants in error.

LESTER, J. This action was instituted in the district court of Tulsa county, Okla., by the defendants in error, as plaintiffs, against the plaintiffs in error, as defendants. For convenience, the parties will be referred to as they appeared in the district court.

Plaintiffs in their petition sought to recover on a certain bond executed by the defendant Prager's Paris Fashion, a corporation, as principal, and the defendant C. A. Mayo, as surety, in an action theretofore instituted in the district court of Tulsa county, Okla., by said Prager's Paris Fash-

ion, a corporation, against the plaintiffs in this action.

Inasmuch as said bond is the foundation of this action, it is deemed proper to set forth that portion of said bond which relates to the payment of damages and the recovery of attorney's fees, if it should thereafter be determined that said injunction was wrongfully issued:

"Now, therefore, if the said plaintiff shall pay to the party injured all damages which they may sustain by reason of said injunction, including reasonable attorney's fees, if it shall be finally determined that said injunction ought not to have been granted, then this obligation shall become void. Otherwise to remain in full force and effect."

Said bond was executed by the defendants in favor of the plaintiffs to indemnify and hold the plaintiffs harmless from any loss or damage which they might sustain in the event it was finally determined that the injunction should not have been granted.

Plaintiffs alleged that they were the owners of a large store in the city of Tulsa, Okla., dealing in ladies' ready-to-wear merchandise, and that they had advertised a sale to take place in a certain storeroom in the city of Tulsa, beginning at 9 o'clock a. m. on March 23, 1922, and had made preparations to conduct said sale on a large scale. That on the 22nd day of March, the defendant Prager's Paris Fashion caused a suit in equity to be instituted in the district court of Tulsa county, Okla., and procured a restraining order preventing the plaintiffs from opening their sale at 9 o'clock on the morning of March 23rd, and delaying them in the opening of said sale until 10 o'clock on said day, they having in the meantime secured a modification of said restraining order in certain particulars.

Plaintiffs alleged that the conditions and provisions of said bond were broken in that it was determined and adjudged by the district court of Tulsa county, Okla., that the restraining order served on the plaintiff on the 22nd day of March, 1922, and the amendatory restraining order thereafter issued in said cause were improvidently granted, and they were discharged, and that a final judgment was rendered in said action on the first day of May, 1922, in favor of the plaintiffs and against the defendant Prager's Paris Fashion.

Plaintiffs claimed that they were damaged on account of the said restraining order and injunction in the sum of $7,429.07.

The defendants filed an answer in which they denied liability upon the said bond.

The case was tried to a jury and a verdict was rendered in favor of the plaintiffs in the sum of $4,907. Motion for new trial was filed by the defendants, and the same was overruled, and the defendants prosecute this appeal to reverse the judgment of the district court.

The defendants present assignments of error Nos. 1 and 2, and urge that the court erred in the admission of testimony tending to show the loss of time on the part of the manager of the plaintiff's corporation in looking after the litigation in which the bond sued upon was given, and in the admission of testimony as to the expenses of the plaintiffs. It appears that J. C. Hopkins was the general manager of the plaintiffs' store and was charged with the duty of looking after every detail of said store and its general interest; that when the former suit was filed by the defendants in this action against the plaintiffs, said J. C. Hopkins devoted a portion of his time in having the original restraining order modified and in other matters growing out of the restraining order and injunction, and it was claimed by the plaintiffs that the value of these services amounted to $300, which plaintiffs claimed as an item of recovery as damages on the bond executed by the defendants. It is contended by the defendants that this item cannot be recovered as damages under the injunction bond, because the rule of law provides that parties to a lawsuit cannot recover as damages for loss of time in looking after their interest in pending litigation, and that Mr. Hopkins, being general manager of the plaintiffs' corporation, was in effect the plaintiff corporation itself, since he was the officer and agent through whom the corporation must act; and hence the recovery for his time and expenses was in effect paying the plaintiff for the time spent by it in looking after its own litigation.

In Bartram v. Ohio & B. S. R. Co. (Ky.) 132 S. W. 188, the court, in its opinion, in discussing the question of whether or not the value of time lost by a defendant in defending an injunction will be computed in estimating his damages, said:

'The general rule is that time expended in prosecuting or defending an action (except in defending actions maliciously instituted) is not the subject of a recovery. The public policy is not to place such a burden as a hazard upon an unsuccessful attempt to establish a claim by a suit in court. It is therefore not allowed. We perceive no good reason for making an exception to the rule in litigation in which there may be issued an injunction or attachment, sued out

in good faith. The taxable costs incurred on the injunction are always recoverable as damages resulting from it when it is dissolved. So much for the expenses incurred by the defendant upon the injunction proceedings."

We do not think that the plaintiffs can recover the amount claimed on account of the alleged loss of time on the part of Mr. Hopkins in looking after the litigation for the benefit of the corporation, for the reason that he was the officer and agent through whom the corporation was acting in that respect, and we therefore hold that it was error for the court to admit evidence pertaining to such loss of time over the objections and exceptions of the defendants.

Under the same assignment of error, it is urged that evidence was erroneously admitted of an item of $400 alleged to have been spent by J. L. Seidenbach in making two trips between New York and Tulsa, for the purpose of contesting the injunction. It appears from the evidence that these trips were made absolutely necessary, and solely on account of the injunction proceedings, and as the defendants have not cited a single authority in the support of their contention, we hold that there was no error committed by the court in admitting evidence relating thereto.

The defendants also urge that the trial court erred in the admission of testimony tending to show a loss or profits by plaintiffs. As shown by the record, the plaintiffs had purchased a stock of goods at a bankrupt sale; they took possession of the said merchandise; sale prices were marked on the several articles of the merchandise and they had advertised the sale of the same to begin at 9 o'clock on the 23rd day of March, 1922, and on account of the restraining order the sale was delayed approximately one hour.

Mr. Hopkins (C. 65-96) testified at length in the instant case, and we quote the following question and answer:

"Q. How was the crowd at the time you opened the store compared with what it was at 9 o'clock that morning? A. Well, the crowd was larger than it was, of course, quite a number of people. We had an entrance at that time in the lobby of the Mayo Building; also people in there; I don't know how much bigger the crowd was than it was at 9."

It appears that this particular stock of goods was located in the building that had been formerly occupied and controlled by the defendant, and that the plaintiffs, having bought the said stock at a bankrupt sale,

were attempting to dispose of the said stock beginning at 9 o'clock on the said 23rd day of March. It is contended by the defendants that the amount of profits that might have accrued to the plaintiffs by reason of the store having been closed on the morning of the 23rd of March, was purely speculative; that it had not for some time been a going business, and for that reason the witness Hopkins was not qualified to state with any accuracy what the profits might have been during the one hour that the said store was closed, and that his testimony was purely speculative and conjectural.

In the case of Callahan & Co. v. Chickasha Cotton Oil Co., 17 Okla. 544, 87 Pac. 331, the second paragraph of the syllabus reads as follows:

"Where, in an action to recover damages for the idleness of a mill, which idleness was caused by the failure of the mill machinery manufacturers to supply part of the mill, within the time contracted for, evidence of rental value of the mill, which rental value is shown to be an estimate of the witnesses of the profits the mill might have made with a satisfactory market for the purchase of supplies and sale of products, is incompetent of consideration, because the same is based upon speculation too remote, and not capable of sufficient and certain ascertainment."

In the case of Bokoshe Smokeless Coal Co. v. Bray et al., 55 Okla. 446, 155 Pac. 226, the third paragraph of the syllabus reads as follows:

"As a general rule, anticipated profits of a commercial or other like business are too remote, speculative, and dependent upon uncertainties and changing circumstances to warrant a judgment for their loss. The exception to this rule is that the loss of profits from the destruction or interruption of an established business may be recovered where it is made reasonably certain by competent proof what the amount of the loss actually is; and such damages must be established, not by guess work, conjectures, uncertain estimates, or mere conclusions, but by tangible facts from which actual damages may be logically and legally shown or inferred."

The purchase of this stock of goods being a new investment upon the part of the plaintiffs, the amount of profits that the plaintiffs might have received during the one hour that the store was closed, in our judgment, was merely conjectural, and the court committed error in admitting the testimony pertaining to the same.

It is again urged by the defendants that the court erred in the admission of testimony as to attorneys' fees. We have carefully examined the record pertaining to the introduction of the evidence relating to other attorneys' fees in this case, and we are of the opinion that the court committed no error in relation to the same. It clearly appears that the entire action of the defendant in its prior suit against the plaintiff sought injunctive relief only, and that the services rendered by the attorney for the plaintiff in that action were rendered in relation only to the injunction proceedings upon the part of the parties to that action in the district court. In the case of McGraw et al. v. Little, 198 Ala. 553, syllabus paragraph No. 1, it is said:

"Where injunctive relief pending the determination of the action is the principal purpose of the bill and the ultimate relief sought is to make the temporary injunction permanent, then upon its dissolution attorney's fees may be recovered in an action on the injunction bond as for the defense of the entire action."

It appears that the only relief sought in this case was injunctive relief in the suit brought by the plaintiff in that action. The court committed no error in the admission of the evidence pertaining to the attorney's fees.

It is also insisted that the court erred in refusing to give defendants' requested instructions Nos. 1, 2, and 5. We find no error in the court refusing to give these instructions. It is also insisted that the court's instructions Nos. 2 and 3 were inconsistent each with the other; but upon examination of these instructions we cannot agree with the contention of the defendants. The defendants also contend that instructions Nos. 4 and 6, given by the court to the jury, are erroneous. The court, in instruction No. 4 (C.-M. 9, 180), instructed the jury as follows:

"You are further instructed that if you believe from the evidence that the plaintiffs paid to Carroll, O'Meara & Silverman the sum of $2,000, to Samuel A. Boorstin and his associates $2,000 and to Seigel & Korn the sum of $2,000 for legal services in procuring the dismissal of the action for injunctive relief and the setting aside of the restraining orders and injunctive orders, then you should find for the plaintiffs on this item the sum of $6,000, unless you further believe from a fair preponderance of the evidence that the attorneys' fees charged by these attorneys for these services were unreasonably large, and if you find from the preponderance of the evidence that these attorneys' fees collected were unreasonable, then you should find for the plaintiffs in this item such sum by way of attorneys' fees as was reasonable."

The court, in instruction No. 6, instructed the jury in the following language:

"Usually when attorneys and clients agree upon a fee and the client pays the amount agreed upon there is presumption that the amount paid is a reasonable amount and you should so find it unless you further believe from a fair preponderance of the evidence that the amount so paid was not paid in good faith or that it was entirely out of the proportion as compensation for the services contemplated and the results obtained as described in instruction No. 5."

The rule is well stated in 32 Corpus Juris, page 478, sec. 825 of the chapter on Injunctions, being the section of said chapter dealing with the amount which shall be allowed as attorneys' fees in a suit upon an injunction bond. The author states the rule in the following language:

"The burden is on the party asking the allowance to prove that the amount asked is reasonable, and the mere fact that the attorney has charged and that the party claiming the allowance has paid a certain amount as fees, or that the attorney to whom the fee was paid considered it reasonable, does not establish such fact."

We are of the opinion that these instructions were erroneous and prejudicial. We think that it was the duty of the plaintiffs, when their cause of action was predicated on an obligation providing for the recovery of reasonable attorneys' fees, to show that the amount the plaintiffs had paid or become liable to pay was the usual customary fees paid for such services, and that such amount was reasonable; and that the burden did not shift to the opposing party to show that such fees were unreasonable.

The defendants also urge that instruction No. 8, submitted by the court to the jury, was erroneous for the reason that the same submitted the question to the jury upon the issue as to whether the plaintiffs were entitled to recover any loss or profits that they suffered on account of the store being closed on the morning of the 23rd of March, 1922. We have discussed this item in another portion of this opinion and held that the plaintiffs could not recover on the said item, and of course, the court having submitted this issue in its instruction No. 6, the same was erroneous and prejudicial.

The cause is reversed and remanded, with directions to proceed in said cause not inconsistently with the views herein expressed.

NICHOLSON, C. J., BRANSON. V. C. J., and HARRISON, MASON, PHELPS, CLARK, and RILEY. JJ., concur.

HUNT, J., disqualified and not participating.

Note.—See under (1) 17 C. J. pp. 786, 788, § 112; 32 C. J. p. 468, § 814. (2) 32 C. J. p. 470, § 816, (3) 32 C. J. p. 476, § 821. (4) 32 C. J. pp. 478, §§ 824, 825; 479, sec. 825.