# OKLAHOMA COTTON GROWERS' ASS'N et al. v. SALYER.

No. 18602. Opinion Filed Sept. 18, 1928.

Rehearing Denied Dec. 24, 1928.

H. H. Edwards, for plaintiffs in error.

Melton & Melton, for defendant in error.

HERR, C. This is an action by J. E. Salyer against the Oklahoma Cotton Growers' Association and the United States Fidelity & Guaranty Company to recover on an injunction bond. There was judgment in favor of the plaintiff in the sum of $1,500. Defendants appeal.

Plaintiff was a member of the Oklahoma Cotton Growers' Association, and, on December 3, 1920, entered into a contract and agreement with said association, in which he agreed to sell and deliver to said association all cotton raised by him during the years 1921 to 1927, inclusive.

It appears that plaintiff herein failed and refused to deliver to said association all the cotton raised by him during the years 1921 and 1922, and the defendant herein brought an action against him in the district court of Caddo county, Okla., for damages for breach of the contract, for specific performance, and an injunction to prevent a further and future breach thereof. A temporary injunction was granted, as prayed for, upon the filing of the petition. At the trial of the case, a demurrer was sustained to the petition, judgment rendered against the association, and the temporary injunction theretofore issued dissolved. The association appealed to this court, which appeal resulted in an affirmance of the judgment. Okla. Cotton Growers' Ass'n v. Salyer, 114 Okla. 77, 243 Pac. 232.

The damages allowed plaintiff consisted entirely of counsel fees. All other items of damages claimed were disallowed by the trial court. The judgment is challenged on

the ground that counsel fees were allowed plaintiff for the defense of the entire case and not limited to fees earned or paid for procuring a dissolution of the injunction.

Joyce on, Injunction, sec. 210-B, announces the following rule:

"Where the injunction is ancillary to the principal relief sought by the bill, and its dissolution is only incidental to the defense made, and the counsel fees and expenses are incurred in defending the suit generally they cannot be assessed as damages.

The rule above announced is well established and conceded to be correct by counsel for plaintiff. It is also settled in this jurisdiction that, where injunctive relief is the principal or main purpose of the action, upon dissolution of a temporary injunction, attorney fees may be recovered on an action on the bond as for the defense of the entire action.

In the case of Prager's Paris Fashion v. Seidenbach, 113 Okla. 271, 242 Pac. 260, this court says:

"Where injunctive relief pending the determination of the action is the principal purpose of the action and the ultimate relief sought is to make the temporary injunction permanent, then, upon its dissolution, attorneys' fees may be recovered in an action on the injunction bond as for the defense of the entire action."

Under the above holding, the judgment of the trial court is correct.

The clause of the contract relied upon by the association authorizing the granting of an injunction and decree for specific performance is as follows:

"The grower agrees that in the event of a breach or threatened breach by him of any provision regarding delivery of cotton, the association shall be entitled to an injunction to prevent breach of or further breach hereof, and to a decree for specific performance hereof."

This clause of the contract is pleaded by the association in its original petition. It alleges a breach of the contract by the defendant, Salyer; alleges that he has sold a portion of the cotton raised by him in the years 1921 and 1922 to others than the association, and further alleges that he is threatening to sell, and will sell, unless prevented by injunction, future crops of cotton grown by him to other persons in violation of his contract. The prayer, after praying for damages and for specific performance, concludes as follows:

"And that defendant, his agents, servants, representatives and all others, acting in aid or assistance of said defendant, be enjoined from further violating the terms of said agreement, exhibit A. herein, in the disposition of all or any of said cotton."

It seems to us clear that the main or principal purpose of the action was to obtain an injunction against the plaintiff herein to enjoin him from selling or disposing of his cotton during the life of the contract to any other person than the association. While specific performance was also sought, the right to injunctive relief was in no wise dependent upon a decree for specific performance being obtained by the association. Such relief might have been denied and the temporary injunction still made permanent. The injunctive feature was the main issue in the case. It was not merely ancillary to some other or main issue therein. It was not necessary that the association obtain other relief in order to entitle it to a permanent injunction. In fact, injunctive relief was the most effective relief it could have obtained had it prevailed in the action, and was, in fact, the only real relief by it contemplated or expected. In this view, we are sustained by the brief filed by counsel for the association in this court on its appeal from the order dissolving the injunction, wherein counsel says:

"Injunction, likewise, would give the association the very relief it seeks. It would prevent the defendant from reselling to a third party. Then, if and when the crop is produced, the association may require delivery by way of specific performance."

Injunctive relief, then, having been the very relief demanded and desired, such relief having been by the court denied and the temporary injunction dissolved, plaintiff herein was entitled to recover on the injunction bond, counsel fees for the defense of the entire case.

In arriving at our conclusion that, under the allegations of the petition, injunctive relief was the primary object of the suit, we are supported by the following authorities: Esselstyn v. U. S. Gold Corp. (Colo.) 149 Pac. 83; Miller v. Donovan (Idaho) 92 Pac. 991.

Counsel for defendant further contend that counsel fees for services in this court, upon appeal from the judgment and order dissolving the injunction, cannot be recovered. On this proposition the authorities are in conflict. Our statute, section 415, C. O. S. 1921, provides:

"Unless otherwise provided by special statute, no injunction shall operate until the

party obtaining the same shall give an undertaking with sufficient surety, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure the party injured the damages he may sustain, including reasonable attorneys fees if it be finally decided that the injunction ought not to have been granted."

We think the provisions of the statute are broad enough to include as damages, when suit is brought on the bond, attorney's fees, on appeal from an order dissolving the injunction. The Idaho Supreme Court so held under a similar statute in the case of Miller v. Donovan, supra. The court, after quoting the statute, in paragraph 1 of the syllabus, lays down the following rule in paragraph 3 thereof:

"Where an injunction has been dissolved on motion, on the ground that the complaint did not state facts sufficient to constitute a cause of action, and at the same time, a general demurrer was sustained, and the action dismissed, and the plaintiff appealed from the judgment sustaining the demurrer and dismissing the action, services rendered by the attorney in the appellate court in a successful endeavor to sustain the judgment of the lower court are properly allowable as attorney's fees under the provisions of the bond."

See, also, the following authorities: State v. Graham (W. Va.) 69 S. E. 301; Curphy and Mundy v. Terrell (Miss.) 42 So. 235; Jesse French Piano & Organ Co v. Porter (Ala.) 32 So. 678.

In the case last cited, the court, in the body of the opinion, at page 679, says:

"The purpose of the appeal was to review and reverse the decree dissolving the injunction, and the reversal of the decree would necessarily reinstate the injunction. Attorney's fees incurred in resisting the effort to have the decree of dissolution set aside are as much the natural and proximate result of the issuance of the writ as are the fees incurred in procuring the dissolution in the first instance."

The conclusion reached renders it unnecessary to discuss the other propositions advanced and argued by counsel.

Judgment should be affirmed.

TEEHEE, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.