**HEISER et al. v. WOODRUFF et al.**

No. 2414.

Circuit Court of Appeals, Tenth Circuit.

May 7, 1942.

Rehearing Denied June 22, 1942.

Leonard J. Meyberg, of Los Angeles, Cal. (Rupert B. Turnbull, of Los Angeles, Cal., and T. G. Gibson, of Ardmore, Okl., on the brief), for appellants.

W. W. Potter, of Ardmore, Okl. (Thos. W. Champion, and Louis A. Fischl, all of Ardmore, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

M. E. Heiser recovered judgment by default against Leonard J. Woodruff in the United States Court for Southern California; a motion to vacate and set aside such judgment and permit the defendant to answer was denied; and on June 29, 1939, an order was entered refusing to modify the judgment as to amount. Woodruff was adjudged a bankrupt in the United States Court for Eastern Oklahoma, and a trustee was appointed and qualified. Heiser filed in the bankruptcy proceeding a claim predicated upon the judgment rendered in California. The trustee, and certain persons claiming to be creditors of the bankrupt, including his wife, daughter, son, and mother, applied to the bankruptcy court for an order authorizing the trustee to proceed in the court in California to have the judgment vacated and set aside; the order was entered; and the trustee and the bankrupt moved the court in California to vacate the judgment, set aside the entry of default, and permit the filing of answers in the cause. By order entered September 26, 1939, the motion was denied; an appeal was taken from the orders of June 29 and September 26, respectively; the appeal from the first was dismissed; and the second was affirmed. Jackson v. Heiser, 9 Cir., 111 F.2d 310. The bankrupt and certain creditors, including the relatives previously mentioned, challenged in the bankruptcy court the claim of Heiser on the ground that the judgment was invalid, and in the hearing before the referee they sought to introduce evidence in support of the challenge. Heiser objected on the ground that it was an attempt to relitigate the questions which have been adjudicated in the court in California. The referee concluded that he could inquire into the judgment, and that the bankrupt and the creditors had a right to introduce the evidence.

Heiser then instituted this independent action in the United States Court for Eastern Oklahoma to enjoin the bankrupt and the creditors from proceeding further with their efforts before the referee. After notice and hearing, the court granted a temporary injunction and fixed the bond at $2,500. The bond was given, conditioned for payment of any damages which might be sustained by reason of the wrongful issuance of such injunction, including reasonable attorney's fees. The court subsequently determined that Heiser had an adequate remedy at law by proceeding in the cause in bankruptcy and by appealing or bringing the matter before the court by petition for review of the action of the referee; that the action of plaintiff in seeking the injunction amounted to an attempt to have a court of equity control the procedure of the bankruptcy court; and that a court of equity had no such power or jurisdiction. The injunction was dissolved and no appeal was taken. By motion the defendants requested the court to assess the damages arising out of the improvident issuance of the injunction. Plaintiff and the surety on the bond appeared, and after hearing the court awarded judgment against them for $1,518.42, composed of three items, $1,000 for which the defendants had become liable to their attorneys for returning to Los Angeles, California, to complete the taking of depositions in the proceeding in bankruptcy, $500 which they had paid an attorney in San Francisco, California, for the taking of depositions there in the proceeding in bankruptcy, and $18.12 representing the cost of certain depositions taken in connection with the matter of the injunction. The appeal is from that judgment.

With an exception not material here, Title 28 U.S.C.A. § 382 provides that no restraining order or interlocutory injunction shall issue, except upon the giving of security in such sum as the court or judge may deem proper, conditioned upon the payment of such damages and costs as may be incurred or suffered by any party who may be found to have been wrongfully restrained or enjoined; and Rule of Civil Procedure 65(c), 28 U.S.C.A. following section 723c, provides in substantially the same language that no such order or injunction shall issue until such security shall have been given, except that no security shall be required of the United States or of an officer or agency thereof. Neither the statute nor the rule provides that the bond shall cover attorney's fees. It is provided in Title 12, section 1392, Oklahoma Statutes 1941, that in the absence of a special statute to the contrary no injunction shall be operative until an undertaking with sufficient surety has been executed for the payment of damages which the injured party may sustain, including reasonable attorney's fees, if it be finally determined that the injunction should not have been granted; and in that state attorney's fees are recoverable upon such a bond where the injunc-

tion was wrongfully obtained. Prager's Paris Fashion v. Seidenbach, 113 Okl. 271, 242 P. 260; Oklahoma Cotton Growers' Ass'n v. Hooven, 134 Okl. 47, 272 P. 852; Oklahoma Cotton Growers' Ass'n v. Salyer, 134 Okl. 55, 272 P. 855; Oklahoma Cotton Growers' Ass'n v. Groff, 135 Okl. 285, 275 P. 1032. But this bond was executed under the federal statute and rule of civil procedure, and therefore the law of the state has no application. Tullock v. Mulvane, 184 U.S. 497, 512, 22 S.Ct. 372, 46 L.Ed. 657; Salvage Process Corporation v. Acme Tank Cleaning Process Corporation, 2 Cir., 104 F.2d 105, certiorari denied 308 U.S. 599, 60 S.Ct. 131, 84 L.Ed. 501. And the United States Courts have consistently held that attorney's fees are not an element of damages recoverable upon such a bond. Oelrichs v. Spain, 15 Wall. 211, 21 L.Ed. 43; Tullock v. Mulvane, supra; Missouri, Kansas & Texas Railway Company v. Elliott, 184 U.S. 530, 22 S.Ct. 446, 46 L.Ed. 673; Lindeberg v. Howard, 9 Cir., 146 F.2d 467, 8 Ann.Cas. 709; Sullivan v. Cartier, 9 Cir., 147 F. 222; Salvage Process Corporation v. Acme Tank Cleaning Process Corporation, supra.

Taking up the item of $1,000, one of the attorneys representing the relatives of the bankrupt who were resisting the allowance of the claim of Heiser in the bankruptcy court went from Oklahoma to California and was engaged in effecting arrangements to take the depositions of certain persons there. It had been agreed that the attorneys would be paid $3,500 in full for the services and all expenses in connection with the taking of such depositions. When the injunction issued, the attorney discontinued and returned to Oklahoma. After the injunction was dissolved, it was agreed that the attorney should be paid a reasonable sum in addition to the $3,500 for going back to California and completing the taking of the depositions. The principal and the surety on the bond are liable for necessary and reasonable expenses incurred by the attorney in making the extra trip to California, such as railroad and pullman transportation, as well as other extra expenses reasonable in amount and necessarily incurred as the result of the issuance of the injunction, but not for additional attorney's fees. The second item, $500 paid to the attorney in San Francisco, was for professional services in taking depositions there. For the reasons already outlined, there is no liability

on the bond for that expenditure. The remaining item of $18.12 represents expenses incurred and paid in the taking of depositions in this action and is therefore a proper item of liability on the bond.

The judgment is reversed and the cause remanded.