**Paula C. BASS, Executor of the Estate of Arthur C. Bass, Plaintiff–Appellant,**

v.

**FIRST PACIFIC NETWORKS, INC., Defendant–Appellee,**

and

**St. Paul Fire & Marine Insurance Company, Appellee.**

No. 97–15127.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 2000.

Filed July 14, 2000.

---

Nicole A. Dillingham, Thelen, Reid & Priest, San Francisco, California, for the plaintiff-appellant.

Lawrence G. Lossing, Lossing & Elston, San Francisco, California, for the defendant-appellee.

Before: BOOCHEVER, BRUNETTI and THOMAS, Circuit Judges.

THOMAS, Circuit Judge:

We are presented with the question whether, in an action in which the district court's jurisdiction is supplemental, federal or state law governs the recoverability of attorney's fees incurred in filing a motion under Federal Rule of Civil Procedure 65.1 to enforce a supersedeas bond posted under Federal Rule of Civil Procedure 62(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we agree with the district court's conclusion that federal law controls and that attorney's fees are not recoverable.

I

Arthur Bass, now deceased, originally filed an action in state court against First Pacific Networks, Inc. ("FPN"), alleging in state claims and a federal RICO cause of action that he was entitled to 425,307 shares of FPN stock. FPN removed the action to federal court based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331 and 1441(c). The district court dismissed the federal RICO cause of action, but retained supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(a), (c).

The district court entered an interlocutory judgment which determined that FPN stock had been validly issued to Bass. As a

condition of granting stay pending appeal, the district court ordered FPN to post a supersedeas bond in the amount of the value of the stock at the time of the stay order. On December 25, 1993, pursuant to Fed.R.Civ.P. 62(d), FPN posted a bond issued by St. Paul Fire & Marine Insurance Co. ("St. Paul"). The parties subsequently reached a settlement under which the subject stock was sold and the proceeds paid to the estate of Arthur Bass ("Estate") and creditors.

Paula Bass and George Singer, co-executors of the Estate, then filed a motion pursuant to Fed.R.Civ.P. 65.1 to enforce the supersedeas bond against St. Paul for $686,013.75 plus interest, an amount reflecting the difference between the market value of the stock on the date of the district court stay order and the proceeds of the sale of the stock pursuant to the parties' settlement agreement. The district court granted the Rule 65.1 motion in favor of the Estate. This court subsequently affirmed on appeal the district court decision.

The Estate then sought recovery of attorney's fees incurred in enforcing the bond contract pursuant to California Civil Procedure Code § 996.480. The district court denied the Estate's request for attorney's fees on December 19, 1996. Finding a conflict between the state and federal rules, the court applied the analysis set forth in *Hanna v. Plumer*, 380 U.S. 460, 465, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The court determined that federal law governs the awardability of attorney's fees in a Rule 65.1 action seeking to enforce a supersedeas bond executed pursuant to Rule 62(d). The court also held that *Matek v. Murat*, 862 F.2d 720 (9th Cir.1988), *abrogated on other grounds, Holden v.*

*Hagopian*, 978 F.2d 1115 (9th Cir.1992), dictated the conclusion that a party cannot recover attorney's fees in an action to enforce a supersedeas bond under the federal rules.

## II

■ Rule 65.1 provides for summary proceedings for the enforcement of the liability of a surety.[1] *See Dragor Shipping Corp. v. Union Tank Car Co.*, 371 F.2d 722, 724 (9th Cir.1967) (Rule 65.1 pertains only to security required or permitted under some provision of the Federal Rules of Civil Procedure); *see also* Fed. R.App. P. 8(b). It was intended to provide a uniform rule for summary proceedings against sureties on bonds required or permitted under original Rules 65 and 73. *See* Advisory Comm. Notes to Fed.R.Civ.P. 65, 1966 Amendment; 11A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2971 (2d ed.1995). The rule, however, is permissive. Thus, a surety's liability may be enforced under either Rule 65.1's summary procedure or through an independent action initiated in state or federal courts. *See* 11A Wright, Miller & Kane, Civil 2d § 2972; 28 U.S.C § 1352 (providing for federal court jurisdiction to enforce bonds). Importantly, neither Rule 65.1, nor Rule 62(d), under which the bond in the instant appeal was posted, provides for the recovery of attorney's fees, and both rules are silent on recovery of costs or damages. *See Matek*, 862 F.2d at 733; *compare* Fed.R.Civ.P. 65(c).

■ The Estate contends that California Civil Procedure Code § 996.480, rather than federal law, should govern St. Paul's liability for attorney's fees in a Rule 65.1 action against a surety to enforce a

---

1. Federal Rule of Civil Procedure 65.1 states: Whenever these rules, including the Supplemental Rules for Certain Admiralty and Maritime Claims, require or permit the giving of security by a party, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the court and irrevocably appoints the clerk of the court as the surety's agent upon whom any papers affecting the surety's liability on the bond or undertaking may be served. *The surety's liability may be enforced on motion without the necessity of an independent action. ...* (Emphasis added).

supersedeas bond posted under Rule 62(d).[2] Relying on *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Estate contends that California has articulated an important, substantive state interest in awarding attorney's fees to a successful claimant in a bond enforcement action. *Cf. Mangold*, 67 F.3d at 1478; *Ackerman v. Western Elec. Co., Inc.*, 860 F.2d 1514, 1520 (9th Cir. 1988).

Erie and its progeny, however, do not provide the proper method of analysis. *Cf. Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*, 760 F.2d 910, 914 (9th Cir.1985). In fact, the choice of law question asserted by the Estate and dealt with by the district court does not even arise.

The supersedeas bond was posted pursuant to Rule 62(d) and enforced pursuant to Rule 65.1. Rule 62(d) is a purely procedural mechanism to preserve the *status quo* during a stay pending appeal of a district court decision and creates no choice of law concerns. *See American Mfrs. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966) (party taking appeal from district court entitled to stay of money judgment "as a matter of right" if bond posted); *compare* 11A Wright, Miller & Kane, Civil 2d § 2943 (noting potential choice of law problems in imposing preliminary injunctions or temporary restraining orders pursuant to Rule 65). Because Rule 65.1 simply allows for

an enforcement mechanism for bonds posted under Rule 62(d), only a federal question is involved. As such, federal law, which does not allow for the recovery of attorney's fees, applies. *See Matek*, 862 F.2d at 734; *see also Heiser v. Woodruff*, 128 F.2d 178, 180 (1942) (federal courts "have consistently held that attorney's fees are not ... recoverable" upon an injunction bond).

Several courts have similarly avoided entirely the choice of law question when presented with a similar question in the context of a preliminary injunction bond posted pursuant to Fed.R.Civ.P. 65(c).[3] *See, e.g., Salvage Process Corp. v. Acme Tank Cleaning Process Corp.*, 104 F.2d 105, 106 (2d Cir.1939); *see also Tullock v. Mulvane*, 184 U.S. 497, 512–13, 22 S.Ct. 372, 46 L.Ed. 657 (1902). We see no defendable distinction to be made between the application of Rule 65.1 to supersedeas and preliminary injunction bonds.

In *Fireman's Fund Insurance Co. v. S.E.K. Construction Co.*, 436 F.2d 1345, 1351–52 (10th Cir.1971), a diversity case, defendants sought attorney's fees under state law in connection with a wrongful injunction and bond posted under Rule 65(c). Noting that the theory that state law should control the question in a diversity suit "is attractive," the court instead applied the "better considered rule" that "[w]hen an injunction suit is commenced in federal court and an injunction bond is issued pursuant to Rule 65(c), local state

---

**2.** The district court analyzed the choice of law issue assuming that jurisdiction was premised on diversity. However, the district court originally exercised jurisdiction over the removal action based on federal question jurisdiction, and once the federal law claim was dismissed, retained jurisdiction based on its supplemental jurisdiction. The Estate filed the Rule 65.1 motion as part of the original action against FPN, and not as an independent action. In any event, a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Man-*

*gold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir.1995) ("The *Erie* principles apply equally in the context of pendent jurisdiction.").

**3.** Rule 65(c) provides that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of *such costs and damages* as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained ..." (emphasis added). Rule 65.1 applies to a surety upon a bond or undertaking under Rule 65(c).

law, with respect to recovery of attorneys' fees in an action on the injunction bond, has no application." *Fireman's Fund,* 436 F.2d at 1351 & n. 10 (citing *Heiser,* 128 F.2d at 180). Because the injunction bond was issued pursuant to the Federal Rules, the court concluded that the *Erie* rule had no application since only a federal question was involved, and that attorney's fees were not recoverable under federal case law. *See id.* at 1352 & n. 11. We agree.

In light of the foregoing, we affirm the district court order and deny recoverability of attorney's fees.[4]

**AFFIRMED.**

---

4. We express no opinion on the availability of attorney's fees in a removed diversity action solely seeking judgment on a surety pursuant to state statute, as opposed to enforcement of a surety bond posted pursuant to Rule 62(d) in federal court and enforced pursuant to Rule 65.1.