**Russell R. NICKEL; Precision Theatrical Effects, Inc., Plaintiffs–Appellants,**

v.

**Mori WOODS, individually; Jeffrey Faycosh; State of Montana; City of Columbus; Robert Eddleman; County of Stillwater, Defendants–Appellees.**

**No. 05–35592.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2007.

Filed March 28, 2007.

---

Paul G. Matt, Esq., Matt Law Office, Billings, MT, for Plaintiffs–Appellants.

Barry G. O'Connell, Esq., Moore, Rice, O'Connell & Refling, Bozeman, MT, W.

Anderson Forsythe, Esq., Moulton, Bellingham, Longo and Mather, P.C., Steven R. Milch, Esq., Crowley Haughey Hanson Toole & Dietrich, PLLP, Billings, MT, for Defendants–Appellees.

Before: FISHER and TALLMAN, Circuit Judges and EZRA, District Judge.*

MEMORANDUM **

Plaintiffs–Appellants Russell R. Nickel and Precision Theatrical Effects, Inc. (PTE) appeal the district court's order granting summary judgment in favor of the Defendants–Appellees on claims brought under 42 U.S.C. § 1983 and Montana law. Reviewing the district court's order de novo, *see Chamber of Commerce v. Lockyer,* 463 F.3d 1076, 1082 (9th Cir. 2006) (en banc), we affirm the dismissal of Nickel's § 1983 and malicious prosecution claims. We reverse the court's grant of summary judgment on Nickel's state-based constitutional right of privacy claim, and remand for further proceedings.

## I. Faycosh

 The district court properly granted summary judgment in favor of Faycosh on Nickel's § 1983 claims. Nickel argues that Faycosh committed judicial deception in his warrant applications by characterizing government witness Chris Ringer as a "confidential informant." Although Faycosh's characterization was inaccurate, Nickel has not established that absent the mischaracterization, "the magistrate would

not have issued the warrant." *Hervey v. Estes,* 65 F.3d 784, 789 (9th Cir.1995). Faycosh could have characterized Ringer as a non-anonymous source who was motivated by "good citizenship," in which case his information would have been reliable because it was derived from personal observation and the witness was willing to disclose the circumstances by which the incriminating information became known. *See State v. Olson,* 314 Mont. 402, 66 P.3d 297, 302–03 (2003).

A plaintiff may sue for damages under § 1983 when an official causes the plaintiff to be subjected to an unconstitutional search by presenting a search warrant application that fails to establish probable cause. *See Greenstreet v. County of San Bernardino,* 41 F.3d 1306, 1308 (9th Cir. 1994). Qualified immunity precludes liability, however, unless "a reasonably well-trained officer in [the defendant's] position would have known that his [application] failed to establish probable cause and that he should not have applied for the warrant." *See id.* at 1310 (quoting *Malley v. Briggs,* 475 U.S. 335, 345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)).

Faycosh's application for the search of PTE set forth information—including witness Renae Parkins' claim that she witnessed Nickel cooking methamphetamine in the PTE lab—that evidenced more than "a fair probability that contraband or evidence of a crime" would be found during the search. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), *quoted in State v. Zito,* 333 Mont. 312, 143 P.3d 108, 111 (2006). For this reason, Nickel's § 1983 claim relating to the PTE search fails on the mer-

---

* The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

its, whether or not the district court erred in concluding that collateral estoppel applies.

Further, Faycosh is entitled to qualified immunity for the residential search. Faycosh's warrant application was not "so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Malley*, 475 U.S. at 344–45, 106 S.Ct. 1092. Indeed, it was sufficient under federal law to justify a search of Nickel's residence. *See United States v. Angulo–Lopez*, 791 F.2d 1394, 1399 (9th Cir.1986).

■ Nonetheless, the district court erred in granting summary judgment in favor of Faycosh on Nickel's state-based right of privacy claim regarding the residential search. Because Nickel sought to enforce his rights under Montana's Constitution, the district court should have analyzed this claim by inquiring whether there was probable cause for the search warrant under *state* law. *See Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n. 2 (9th Cir.2000) (holding that "a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction"). We conclude that there was not.

Faycosh attempted to link Nickel's allegedly unlawful activities with his residence by stating "[t]hat it is common for drug dealers to secrete contraband, proceeds from drug sales and records of drug transactions in secure locations within their residence." Because the application contained no detailed basis for Faycosh's conclusory statement, the search warrant application did not establish probable cause under Montana law. *See State v. Kaluza*, 272 Mont. 404, 901 P.2d 107, 109, 110 (1995) (holding insufficient affiant's assertion, based on his training and experience, that the residences of marijuana manufacturers use more energy than a typical residence).

Accordingly, we reverse and remand to provide Nickel with an opportunity to proceed with his state law right of privacy claim as to the search of his residence. Because we affirm the district court's dismissal of Nickel's federal claims, the district court should determine on remand whether it is appropriate to continue to exercise supplemental jurisdiction. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

## II. Woods

■ We affirm the district court's grant of summary judgment in favor of Woods on Nickel's § 1983 claim that Woods knowingly sanctioned material omissions and misstatements in her Affidavit in Support of Leave to File an Information. We construe Nickel's claim as one for violation of his due process rights. There is a clearly established due process right "not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc). Nickel's claim fails because Woods is entitled to qualified immunity. The undisputed facts, together with the disputed facts viewed in a light most favorable to Nickel, do not show that Woods knew or should have known of Nickel's innocence. *See id.* at 1076. Even though Woods was aware at the time she signed the affidavit that no controlled substances had been seized from PTE, there was other evidence—including (1) testimony provided by Parkins linking Nickel to the distribution and manufacture of controlled substances; (2) laboratory results documenting methamphetamine residue on items that Parkins claimed were obtained from Nickel; and (3) the revelation that methamphetamine precursors were discov-

ered during the PTE search—that gave Woods ample justification for believing that Nickel was not innocent.

Even if Nickel's § 1983 claim were analyzed under the Fourth Amendment judicial deception framework typically reserved for misstatements made in warrant applications, the claim would fail for lack of materiality. A corrected affidavit would include evidence creating "reasonable grounds for suspicion" sufficient to justify the state court's conclusion that probable cause supported the filing of the Information against Nickel. *See Reece v. Pierce Flooring,* 194 Mont. 91, 634 P.2d 640, 643 (1981).

We also affirm the district court's grant of summary judgment in favor of Woods on Nickel's claim for malicious prosecution, because there was probable cause to file the affidavit. Probable cause in this context means "reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a reasonably prudent and cautious man in the belief that the accused is guilty of the offense with which he is charged." *Id.* (internal quotation marks omitted). As a matter of law, no reasonable jury could find an absence of probable cause to file the affidavit in support of the Information under the presented facts.

### III. Eddleman

■ We affirm the district court's conclusion that Eddleman is entitled to absolute prosecutorial immunity under § 1983. Eddleman did not waive his absolute immunity by preparing the affidavit that was subsequently signed by Woods and filed in support of the Information. *See Kalina v. Fletcher,* 522 U.S. 118, 129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) (holding that "the preparation and filing" of a sworn pleading is protected by absolute immunity).

Moreover, Eddleman did not engage in investigative acts. All of the activities undertaken by Eddleman—such as obtaining and evaluating evidence and making an evaluation whether to file charges—were intimately associated with the judicial phase of the criminal process. *See id.* (holding that a prosecutor's activities in connection with the preparation and filing of an information are protected by absolute immunity); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993) (holding that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial," including the professional evaluation of the evidence assembled by the police, are entitled to the protections of absolute immunity).

Accordingly, the district court's order is **AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.**

The parties shall bear their own costs on appeal.