DA 09-0032

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 334N

RUSSELL R. NICKEL,

      Plaintiff and Appellant,

  v.

JEFFREY FAYCOSH,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV 07-061
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          W. Scott Green, Patten, Peterman, Bekkedahl & Green, PLLC,
Billings, Montana

          Paul G. Matt, Attorney at Law, Billings, Montana

          Richard Tegtmeier, Tegtmeier Bednarski Law Firm,
Colorado Springs, Colorado

      For Appellee:

          W. Anderson Forsythe, Matthew D. Braukmann, Moulton
Bellingham, PC, Billings, Montana

Submitted on Briefs:  September 10, 2009

Decided:  October 14, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Russell Nickel from the order of the Twenty-Second Judicial District Court, Stillwater County, granting summary judgment in favor of Jeffrey Faycosh. The case arises out of an investigation which Faycosh (an agent with the Montana Department of Justice, Division of Criminal Investigation) and Columbus Police Chief Mori Woods began in October 1999. At the conclusion of the investigation, Faycosh applied for and obtained warrants from the Thirteenth Judicial District Court, Yellowstone County, to search Nickel's home and his business, Precision Theatrical Effects, Inc. (PTE). The warrants were executed on November 7, 1999. Various chemicals were seized during the search of PTE, but it is not known what evidence was seized from the residence.

¶3 On November 12, 1999, Faycosh filed an "Ex Parte Motion to Seal Court File" in the Thirteenth Judicial District Court, in which he asserted that the court documents needed to be sealed because they contained "sensitive information involving confidential informants." Faycosh, who was not a licensed Montana attorney, signed the motion in his capacity as "Agent, MDCI." The court ordered the court file sealed that same day.

2

¶4     Nickel eventually was arrested and charged in the Twenty-Second Judicial District Court with ten felony drug-related counts. Stillwater County Attorney Robert Eddleman prosecuted the case. Nickel filed a number of pretrial motions, including motions to suppress. The District Court concluded, and the State conceded, that "the search warrant did not contain adequate facts to justify a search of [Nickel's] home or vehicle." Thus, all evidence obtained from Nickel's home and vehicle was suppressed before trial. The court also suppressed any incriminating statements Nickel made at his home on November 7, 1999 (the date of the search) on the ground that he had not been advised of his Miranda rights. But the court ruled that the statements Nickel made later that evening to Faycosh should not be suppressed because they were made voluntarily.

¶5     Nickel was acquitted of the charges at the conclusion of the trial in May 2001. He and PTE thereafter filed suit against Faycosh, Woods, the City of Columbus, the State of Montana, Stillwater County, and Stillwater County Attorney Robert Eddleman, alleging various claims arising out of the criminal investigation, the search, and his subsequent arrest on felony charges. In March 2005, the United States District Court for the District of Montana, Billings Division, granted all of the defendants' motions for summary judgment as to all of Nickel's and PTE's claims.

¶6     Nickel appealed to the United States Court of Appeals for the Ninth Circuit, which affirmed in part and reversed in part. *Nickel v. Woods*, 229 Fed. Appx. 432 (9th Cir. 2007). The court held that while the district court had properly granted summary judgment in favor of Faycosh on Nickel's claims under 42 U.S.C. § 1983, the district

3

court had erroneously granted summary judgment in favor of Faycosh on Nickel's state-based right-of-privacy claim regarding the residential search. The court explained:

> Because Nickel sought to enforce his rights under Montana's Constitution, the district court should have analyzed this claim by inquiring whether there was probable cause for the search warrant under *state* law. We conclude that there was not.
>
> Faycosh attempted to link Nickel's allegedly unlawful activities with his residence by stating "[t]hat it is common for drug dealers to secrete contraband, proceeds from drug sales and records of drug transactions in secure locations within their residence." Because the application contained no detailed basis for Faycosh's conclusory statement, the search warrant application did not establish probable cause under Montana law. *See State v. Kaluza*, 901 P.2d 107, 109, 110 (Mont. 1995) . . . .
>
> Accordingly, we reverse and remand to provide Nickel with an opportunity to proceed with his state law right of privacy claim as to the search of his residence. Because we affirm the district court's dismissal of Nickel's federal claims, the district court should determine on remand whether it is appropriate to continue to exercise supplemental jurisdiction.

*Nickel*, 229 Fed. Appx. at 435 (some citations omitted).

¶7    On remand, the United States District Court observed that "the only remaining claim is Faycosh's state-law right of privacy." The court declined to exercise jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c) and dismissed the case without prejudice. Nickel then filed his complaint against Faycosh in the instant action on August 31, 2007. He alleged an illegal search of his residence due to lack of probable cause and a violation of his right to privacy under Article II, Section 10 of the Montana Constitution. Faycosh filed an answer to the complaint and thereafter filed a motion for summary judgment.

¶8    The District Court held a hearing on Faycosh's motion and, on December 10, 2008, granted it. At the outset, the court reasoned that the probable-cause question is a part of the right-to-privacy analysis. Furthermore, the court noted that the remedy for an

4

unconstitutional search is suppression of evidence, which had occurred in the criminal trial. Thus, the court combined Nickel's illegal-search and right-to-privacy claims into one: "whether Faycosh violated Nickel's right to privacy under the Montana Constitution when Faycosh searched Nickel's residence without requisite probable cause."

¶9 The court ultimately answered this question in the affirmative. First, citing *State v. Goetz*, 2008 MT 296, ¶ 40, 345 Mont. 421, 191 P.3d 489, the court observed that searches conducted without a properly issued search warrant are per se unreasonable, absent a recognized exception to the warrant requirement. The court then noted (1) that there was no probable cause under Montana law for the search warrant for Nickel's residence and (2) that Faycosh had not argued any exceptions to the warrant requirement. Accordingly, the court ruled that Faycosh's search of the residence was unconstitutional.

¶10 The District Court next observed, based on *Dorwart v. Caraway*, 2002 MT 240, ¶ 48, 312 Mont. 1, 58 P.3d 128, that a cause of action for money damages is available for violation of those rights guaranteed by Article II, Sections 10 and 11 of the Montana Constitution. Nevertheless, the court decided that Faycosh was entitled to statutory immunity under § 2-9-112, MCA (immunity from suit for judicial acts and omissions). Relying on *Silvestrone v. Park County*, 2007 MT 261, 339 Mont. 299, 170 P.3d 950, the court reasoned that Faycosh's execution of the search warrant issued by the Thirteenth Judicial District Court for Nickel's residence represented the judicial power of the State put into action and, as such, qualified as a judicial act under § 2-9-112, MCA. In the alternative, the District Court decided that Faycosh was entitled to quasi-judicial immunity under *Reisdorff v. County of Yellowstone*, 1999 MT 280, 296 Mont. 525, 989

5

P.2d 850. The court reasoned that Nickel had failed to demonstrate that Faycosh, at the time he executed the search warrant, knew that the warrant lacked probable cause. The court observed that Faycosh was not required to act as a "pseudo-appellate court" and scrutinize the Thirteenth Judicial District Court's probable-cause determination. The court concluded that Faycosh had acted in compliance with a facially valid court order at the time he searched Nickel's residence and, thus, that he had quasi-judicial immunity from Nickel's claims resulting from the unconstitutional search of the residence.

¶11     On appeal, Nickel challenges the District Court's immunity analysis. He asserts that the court ignored two "reckless" acts by Faycosh: he inaccurately characterized a government witness as a "confidential informant" in his warrant applications, and he "illegally" filed the ex parte motion to seal the search warrants and applications. Nickel argues that these acts eliminate Faycosh's entitlement to immunity. At the very least, he contends that they create genuine issues of material fact. Alternatively, Nickel argues that judicial immunity and quasi-judicial immunity are "in direct contradiction" to Article II, Section 16 of the Montana Constitution.

¶12     In response, Faycosh argues that the District Court's immunity analysis was correct. Furthermore, he argues that Nickel's argument related to the "confidential informant" is procedurally improper because it was not raised first in the District Court, because it is precluded by collateral estoppel and by the law-of-the-case doctrine, and because it is irrelevant. Likewise, Faycosh argues that Nickel's argument regarding the ex parte motion is irrelevant because the only claim at issue in this litigation is Nickel's state-law right-of-privacy claim related to the search of his residence, not Faycosh's

6

actions following the search. Finally, Faycosh asserts that Nickel's constitutional challenge is being raised for the first time on appeal and, thus, that we should not consider it. *See State v. Morrison*, 2008 MT 16, ¶ 10, 341 Mont. 147, 176 P.3d 1027 ("We deem issues which are presented for the first time on appeal to be untimely and will not consider them.").

¶13 In response to this last point, Nickel contends in his reply brief that "the issue of whether immunity is constitutional was clearly raised in the lower court" by virtue of two sentences in his Response to Defendant's Motion for Summary Judgment: "The Montana Constitution prohibits immunity from suit from Montana state and local governments. Mont. Cost. Art. II. § 18. Furthermore, the Montana Constitution affords a right to every person to bring an action in court. Mont. Const. Art. II § 16." We note, however, that Nickel did not present any corresponding argument that immunity is unconstitutional. *Cf. State v. Courville*, 2002 MT 330, ¶ 5, 313 Mont. 218, 61 P.3d 749 (general assertions to the trial court without any argument analyzing those assertions under relevant law were insufficient to preserve a constitutional issue for appeal). Nickel also contends that he challenged the constitutionality of both § 2-9-112, MCA, and quasi-judicial immunity in his post-judgment motion under M. R. Civ. P. 59(g) and 60(b)—though Faycosh pointed out in response that Nickel did not meet the requirements for relief under either rule.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. Having reviewed the record, the District Court's order, and the parties' briefs, we conclude (1) that the legal issues related to Faycosh's entitlement to

7

statutory immunity and quasi-judicial immunity are clearly controlled by settled Montana law, which the District Court correctly interpreted and applied, and (2) that Nickel's constitutional challenges are not properly before this Court.

¶15    Affirmed.


/S/ JAMES C. NELSON


We Concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

8