NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.D.H., by and through her legal guardian and/or parent Inocente Dominguez; MARIA HERNANDEZ, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT; J. BARKER, Officer; M. PURCARO, Officer, <br><br> Defendants-Appellants. | No. 17-16512 <br><br> D.C. No. 2:13-cv-01300-APG-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 17, 2018[**]
San Francisco, California

Before: GOULD and BERZON, Circuit Judges, and BLOCK,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

Defendants the Las Vegas Metropolitan Police Department, Michael Purcaro, and Jeffrey Barker appeal the district court's order in favor of Plaintiffs J.D.H. and Maria Hernandez. The district court denied Defendants' motion for attorney's fees and re-taxed their costs to $0.00. We review the district court's decision for abuse of discretion, and we affirm. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 900 (9th Cir. 1995).

First, the district court did not abuse its discretion by re-taxing Defendants' costs to $0.00 under Federal Rule of Civil Procedure 54(d)(1). In denying costs, district courts may consider, among other factors, plaintiff's limited financial resources, the economic disparity between parties, and the chilling effect on future similar actions. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). The district court did not clearly err in finding that those considerations supported a denial of costs. *See P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1168 (9th Cir. 2007) ("[F]actual findings underlying the district court's decision are reviewed for clear error.").

Second, the district court did not need to consider whether Defendants were entitled to costs under Nevada Revised Statute § 18.020. Though "a federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction," *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 n.2 (9th Cir.

2

2000), "[a]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

Third, the district court did not abuse its discretion in denying Defendants attorney's fees under 42 U.S.C. § 1988. Even if Plaintiffs *did* continue litigating after it became clear that some of their claims were frivolous, the district court could conclude that Defendants failed to meet their burden to establish that the fees were "attributable solely to the frivolous claims." *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 972 (9th Cir. 2011).

**AFFIRMED.**